UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTOINE BROADWATER, ET AL. | CIVIL ACTION |
| VERSUS | NO: 12-1511 C/W 12-1512, 12-2996 |
| DONALD DUPLANTIER, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 63)**, **Motion for Summary Judgment Dismissing Duplantier's Limitation Complaint (Rec. Doc. 69)**, and **Motion to Strike the Jury (Rec. Doc. 71)** filed by plaintiff Antoine Broadwater; **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 81)** filed by Paula Neal Anderson, et al. The motions, scheduled for submission on October 23, 2013, are before the Court on the briefs without oral argument.[1]

## I.      BACKGROUND

These consolidated lawsuits arise out of a tragic boating accident that occurred on navigable waters near St. Bernard Parish. At approximately 6:30 a.m. on June 16, 2011, Dr. Donald Duplantier and Donald Neal were each operating pleasure boats when they collided while rounding a curve in the waterway. Neal was killed as a result of the accident and plaintiff Antoine Broadwater, who had been Neal's passenger, was seriously injured.

Broadwater filed the lead case, Civil Action 12-1511, against Duplantier, Neal's estate, Paula Neal Anderson, Wendy Neal Duncan, and State Farm Insurance Co. Paula Neal Anderson and Wendy Neal Duncan are alleged to be the heirs of Donald Neal. State Farm is

---

[1] Oral argument has been requested but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

alleged to have issued a liability policy to the owners of the vessel that Duplantier was operating at the time of the collision. Broadwater amended her complaint to join Allstate Insurance Co. as Duplantier's excess insurer. (Rec. Doc. 9). Broadwater invoked admiralty jurisdiction—the only jurisdictional basis available to him because the parties to this action are not diverse in citizenship.

The Neal heirs filed Civil Action 12-1512 against DUPLANTIER, Allstate, and State Farm. The Neal heirs requested a jury by invoking diversity jurisdiction. The amount in controversy clearly exceeds $75,000.00 and the Neal heirs are diverse in citizenship from all defendants.

Duplantier filed Civil Action 12-2996, which is a limitation action, in his capacity as co-owner of the vessel that he was operating at the time of the incident.

The parties have filed various motions which the Court addresses in turn below. This matter is scheduled to be tried to a jury on January 6, 2014.

## II.    DISCUSSION

### 1.    Broadwater's Motion to Strike the Jury

Broadwater seeks leave to amend his complaint to designate his claims as Rule 9(h) claims. Broadwater's intent is to have his claims tried to the bench rather than to a jury. No party has filed a response to Broadwater's motion.

The sole jurisdictional basis available to Broadwater when he filed suit in federal court was admiralty because the parties named in his complaint are not completely diverse in citizenship. Even though he did not expressly invoke Rule 9(h), Broadwater's pleadings were unequivocal in that his claim was one based on maritime law. The law in this circuit recognizes that invocation of Rule 9(h) is not necessary when the complaint alleges claims cognizable only in admiralty. *Luera v. M/V ALBERTA*, 635 F.3d 181, 188 (5th Cir. 2011). Thus, amending the

2

complaint at this juncture to include a Rule 9(h) designation is a meaningless and wholly unnecessary exercise for Broadwater.

Because Broadwater's complaint is grounded solely in admiralty, no party to that action has a right to a jury trial. But a jury was properly invoked by the Neal heirs in their action against Duplantier and the insurers (12-1512) because jurisdiction in that case was grounded on diversity of citizenship. When the Court consolidated all three of the related civil actions on January 4, 2013, all three cases were set for trial to the jury. Broadwater is not a Jones Act seaman[2] and Rule 42(a) gives the Court broad authority to consolidate actions that involve common questions of law or fact in order to promote efficiency and to avoid potential problems with res judicata and collateral estoppel. *Luera*, 635 F.3d at 192, 194. The law is clear that when the Court consolidates cases in this manner, admiralty claims that carry no right to a jury trial can be tried to the same jury that has been properly invoked on related claims with no party having a right to a bench trial. *Id.* (*citing Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963)).

In this case, the Neal heirs have not waived their properly invoked jury. The Court can envision no greater waste of judicial economy or potential for res judicata problems than to allow Broadwater to cull out his claims and have them tried to the bench while the rest of the case is tried to the jury. All three of the consolidated matters have been set on the Court's jury docket since January 4, 2013, when the scheduling conference was held and no party objected to having the entirety of the claims, including those sounding solely in admiralty, tried to the jury . (Rec. Doc. 43). Trial is now less than two months away. Broadwater's motion in limine to

---

[2]   When the plaintiff is a Jones Act seaman and the defendant has no right to a jury trial then the court commits reversible error by refusing to honor the plaintiff's request for a non -jury trial. *Smith v. Ensco Offshore Co.*, 181 F.3d 97 (5th Cir. 1999) (unpublished). But that is not the situation in this case because Broadwater is not a seaman and the Neal heirs have a right to a jury trial.

strike the jury is therefore DENIED.

### 2.      Motions to Dismiss Duplantier's Limitation Complaint

Broadwater and the Neal heirs move to dismiss Duplantier's limitation complaint. Broadwater argues for dismissal based on the contentions that the Limitation Act does not apply to pleasure craft and that Duplantier was clearly at fault for the collision. The Neal heirs move for dismissal based on the contention that Duplantier cannot obtain limitation under the facts of this case because he was operating the vessel at the time of the collision.

Congress enacted the Limitation Act in 1851 to promote investment in the domestic commercial shipping industry. *In re Nassau Bay Water Sports, Inc.*, 62 F.3d 394 (5th Cir. 1995) (unpublished). The Limitation Act restricts the financial liability of a shipowner to the value of the vessel and its freight when the vessel is involved in an accident caused without the shipowner's "privity or knowledge." *Id.* (*quoting* 46 U.S.C. § 183(a)). The Act applies to pleasure craft. *Id.*

The Limitation Act does not provide a special type of immunity to those tortfeasors (alleged) who also happen to own the vessel. The Limitation Act only applies where the vessel owner can establish that the negligence alleged to have caused the injuries was committed without the owner's privity and knowledge. In this case, Duplantier was operating the vessel at the time of the collision. As a matter of law, he cannot establish a lack of privity and knowledge for any acts of negligence on his part that the plaintiffs can prove. *See Tittle v. Aldacosta*, 544 F.2d 752, 756 (5th Cir. 1977) (recognizing that when operational control is in the hands of the owner he is charged with privity and knowledge). The motions to dismiss Duplantier's limitation complaint are therefore GRANTED for the reasons argued by the Neal heirs.

### c.      Broadwater's Motion for Partial Summary Judgment

Broadwater moves for summary judgment on the issue of liability. According to

Broadwater, the Court can easily discern from the paper record that Duplantier was 100 percent at fault for the accident. Broadwater also contends that the evidence does not suggest that he contributed to his own injuries in any way. The Court does not agree that it can properly resolve the issue of liability between Neal and Duplantier on a paper record. The jury must determine and apportion fault at the trial on the merits. The parties do not question the assertion that Broadwater, as a mere passenger in Neal's boat at the time of the collision, is without fault. Broadwater's motion for partial summary judgment is therefore GRANTED IN PART AND DENIED IN PART.

Accordingly, and for the foregoing reasons;

IT IS ORDERED that the **Motion for Partial Summary Judgment (Rec. Doc. 63)** filed by plaintiff Antoine Broadwater is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as Broadwater is not at fault for his own injuries and **DENIED** in all other respects;

IT IS FURTHER ORDERED that the **Motion to Strike the Jury (Rec. Doc. 71)** filed by plaintiff Antoine Broadwater is **DENIED**;

IT IS FURTHER ORDERED that the **Motion for Summary Judgment Dismissing Duplantier's Limitation Complaint (Rec. Doc. 69)** filed by plaintiff Antoine Broadwater and the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 81)** filed by Paula Neal Anderson, et al. are **GRANTED**. Civil Action 12-2996 is **DISMISSED** with prejudice. The Clerk will not enter a final judgment, however, until all of the consolidated cases are concluded.

November 12, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE